# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-25-00494-CV

---

**Kerry Ray Lampkin Jr., Appellant**

**v.**

**Dash Recovery, Tony Perez, Tommy Gass, and Gregory Artis, Appellees**

---

### FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
### NO. DCCV-24-208, THE HONORABLE TRACIE WRIGHT-RENEAU, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Kerry Ray Lampkin Jr., acting pro se and referring to himself as "Co-Plaintiff," filed a notice of appeal in which he stated his intent to appeal the trial court's "repeated refusal to hear or grant a properly supported Motion for Temporary Restraining Order and Request for Injunction" and "continued disregard of pending motions," as well as "[j]udicial bias and misconduct demonstrated by the Court's failure to address emergency filings." Though the clerk's record includes an order from the trial court denying Kerry Ray Lampkin Sr.'s motion to strike the defendants' answer and finding his motion for default judgment moot, it does not contain an order granting or denying a motion for temporary restraining order or temporary injunction. Lampkin Jr. also does not appear to be a named party in this suit.

Upon initial review, the Clerk of this Court sent Lampkin Jr. a letter informing him that this Court appears to lack jurisdiction over the appeal because our jurisdiction is limited to

appeals in which there exists a final or appealable judgment or order that has been signed by a judge. In response, Lampkin Jr. maintained that this Court has jurisdiction over the appeal "to intervene where procedural violations obstruct substantive rights," though he acknowledged "a signed final judgment may be absent in technical form."

Our jurisdiction is limited to final orders or judgments and interlocutory orders explicitly permitted by statute. *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Appellate courts have jurisdiction to consider appeals of interlocutory orders only if a statute explicitly provides for such an appeal. *Texas A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Lampkin Jr.'s response fails to establish that this Court has jurisdiction over any of the orders he attempts to appeal and his right to bring an appeal. *See City of San Benito v. Rio Grande Valley Gas Co.*, 109 S.W.3d 750, 754 (Tex. 2003) ("Under Texas jurisprudence, an appeal can generally only be brought by a named party to the suit.").

Because Lampkin Jr. has not identified a signed order from which he may appeal, we lack jurisdiction over this appeal. Therefore, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

_____

Rosa Lopez Theofanis, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed: August 13, 2025

2